**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FILED**

**12:56 pm Apr 22 2026**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

| | | |
|---|---|---|
| **JEFFREY KEENER,** | **)** | **CASE NO. 1:26 CV 00917** |
| | **)** | |
| **Plaintiff,** | **)** | **JUDGE DAN AARON POLSTER** |
| | **)** | |
| **vs.** | **)** | **MEMORANDUM OPINION** |
| | **)** | **AND ORDER** |
| **CROSS COUNTRY MORTGAGE,** | **)** | |
| **LLC, et al.,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

*Pro se* plaintiff Jeffrey Keener filed this civil rights action against Cross Country

Mortgage, LLC, and Berkshire Hathaway Real Estate. (Doc. No. 1). He seeks $300,000,000 in

damages. Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The

application is granted.

**I. Background**

Plaintiff's complaint is a brief and incoherent narrative containing disjointed and obscure

allegations. As the basis for federal jurisdiction, Plaintiff cites "freedom of speech." (Doc. No. 1

at 3). Plaintiff appears to allege that he was assaulted and was told, "If you go to [the] police we

will kill you." (*Id.* at 4). He states that "people were paid to assault, harass, defame, befriend,

sleep with." (*Id.*). He further alleges that "it has been going on for 27 years." (*Id.*). He states that

his injuries include five facial scars, head wounds, broken bones, medical records and bills, and

"future medical unknown." (*Id.* at 5).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A

-2-

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a

term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard. His complaint fails to contain any viable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority. Plaintiff's cited basis for federal jurisdiction as "freedom of speech" is insufficient. And his sparse factual allegations are at times wholly incredible and irrational. Plaintiff's conclusory statements that he was told "if you go to police we will kill you" and  "people were paid to assault, harass, defame, befriend, sleep with" are nothing more than mere "unadorned, the defendant unlawfully harmed me accusations." *Iqbal*, 556 U.S. at 678. Plaintiff therefore fails to meet the minimum pleading requirements of Rule 8.

### IV. Vexatious Litigator

Plaintiff has, on at least three prior occasions, filed a civil action in federal court that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. *See Keener v. Cross Country Mortgage, et al.*, Case No. 1: 25 CV 2633 (N.D. Ohio Jan. 22, 2026); *Keener v. Leonhardt, et al.*, Case No. 1: 25 CV 1013 (N.D. Ohio Sept. 23, 2025); *Keener v. Leonhardt, et al.*, Case No. 1: 25 CV 425 (N.D. Ohio Apr. 3, 2025). And on February 11, 2026, this Court denied Plaintiff's *in forma pauperis* application under 28 U.S.C. §1915(g) and dismissed another civil rights action filed by Plaintiff. *See Keener v. Berkshire Hathaway Real Estate et al.*, Case No. 1: 26 CV 321 (N.D. Ohio Feb. 9, 2026).

Up to this point, the courts in this district have been tolerant of Plaintiff's *pro se* filings. There comes a point, however, when we can no longer allow Plaintiff to misuse the judicial

-4-

system. It is apparent that unless this Court takes steps to curtail his filings, he will continue to

bring frivolous actions. Federal courts have both the inherent power and constitutional

obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article

III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court

has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery

needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth

Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain

leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.

1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 U.S. App. LEXIS 5470,

1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation

under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

Plaintiff has established a pattern of filing complaints in this Court that are patently

frivolous and vexatious and that appear calculated to harass the defendants and abuse the

judicial process. Accordingly, Jeffrey Keener (aka Jeffrey A. Keener) is permanently enjoined

from filing any new lawsuits without seeking and obtaining leave of court from the Chief Judge

or the Miscellaneous Duty Judge in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).

> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

> 3. By means of a second exhibit, he must identify and list: (1) the full caption of each

-5-

and every suit which has been previously filed by him or on his behalf in any court against each and every Defendant in any new suit he wishes to file, and (2) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the Motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing Paragraph 3 and a certified record of its disposition.

The Court may deny any Motion Pursuant to Court Order Seeking Leave to File if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. Additionally, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion Pursuant to Court Order Seeking Leave to File, and it may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is ordered as follows:

1. Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains: (1) an affidavit or sworn declaration as required by this order, (2) a copy of this Memorandum of Opinion, and (3) the exhibits required by this Memorandum of Opinion.

2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, U.S. Marshals Forms, subpoenas, letters, or exhibits in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

-6-

## V. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES Plaintiff's complaint (Doc. No. 1). Further, Plaintiff Jeffrey Keener (aka Jeffrey A. Keener) is permanently ENJOINED from filing new cases without first requesting and obtaining leave of court in accordance with the terms set forth in this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

s/*Dan Aaron Polster*    *4/22/2026*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**